UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>    Defendant. | Civil Action No. 22-1153 (RCL) |

## JOINT STATUS REPORT

### I.  Background

On April 26, 2022, Plaintiff filed a FOIA complaint against Defendant. The complaint contained allegations regarding five unrelated FOIA requests. Allegations regarding three of the requests have been resolved.

On March 25, 2025, this Court granted, in part, Plaintiff's motion to amend his complaint. The amended complaint added allegations regarding 13 unrelated FOIA requests to the complaint.

On August 15, 2025, the Parties filed a Joint Status Report (JSR). The JSR summarized the procedural status of the 15 FOIA requests at issue as follows:

- Seven of the requests are ripe for briefing on the merits as Plaintiff either exhausted his administrative remedies for the requests or was not required to do so.
- For three of the requests, Defendant intends to move for summary judgment regarding the allegations because Plaintiff failed to exhaust his administrative remedies. Plaintiff intends to oppose any such motion regarding these three requests because he believes that he exhausted his administrative remedies.
- For the remaining five requests, Defendant is processing the requests. For four of these five requests, Defendant aims to provide interim or final responses by

October 31, 2025. For the fifth request (the Optics request), the Parties are discussing ways for Plaintiff to narrow the search request.

The JSR also recommended that the Parties file dispositive motions *after* Defendant finishes processing all of the FOIA requests to avoid piecemeal briefing and another JSR on or before October 15, 2025.

On September 30, 2025, funding for Defendant and the Department of Justice, which is representing Defendant, lapsed. Employees of Defendant and the Department of Justice were generally prohibited from working during the pendency of the lapse and did not work on this matter during the lapse.

On October 22, 2025, during the lapse, this Court ordered the Parties to file another JSR on October 31 and "[i]n light of the age of this case, any schedule proposed then must include full production and briefing of all issues to conclude no later than March 1, 2026."

On November 3, 2025, Plaintiff filed a Notice of Inability to Comply with the October 22 Order, stating that he had received an automatic e-mail response from Department of Justice counsel representing Defendant that he had been furloughed and that he will endeavor to comply with the Court's Order as soon as Defendant's counsel is able to re-engage.

On November 12, 2025, appropriations were restored. On November 13, Chief Judge James Boasberg issued a Standing Order that all filing deadlines that were set to occur during the lapse in appropriations would be extended by 53 days. The Parties are hereby submitting this JSR pursuant to the Court's October 22 and November 13 orders.

## II.  Status Of The Five FOIA Requests That Were Not Completed At The Time Of The August 15, 2025 JSR

### GSX request (Second Amended Complaint (SAC) at 24-28)

On September 11, 2025, Defendant provided Plaintiff with a final response to this request.

### Mitts request (SAC at 10-11)

On December 18, 2025, Defendant provided Plaintiff with an interim response to this request. Defendant aims to provide Plaintiff with a final response by February 23, 2026.

### Optics request (SAC at 18-22)

Defendant previously informed Plaintiff that Defendant had identified approximately 2.8 gigabytes of data responsive to this request. Following the August 15, 2025 JSR, the Parties discussed ways for Plaintiff to narrow the request. Plaintiff agreed to narrow the search and Defendant determined this week that the narrowed search yielded 143 responsive records. The FOIA Office aims to complete its review of these records by February 23, 2026.

### SEC Database Mishap request (SAC at 29-31)

Defendant previously informed Plaintiff that Defendant had identified 7,185,294 responsive records. Following the August 15, 2025 JSR, Defendant offered to produce records to Plaintiff that had been produced in response to three FOIA requests that sought information about the "SEC database mishap" to satisfy his request. Plaintiff stated that Defendant should produce such records and that he would review them to determine whether they satisfied this request. On December 15, 2025, Defendant produced to Plaintiff the records from the three prior FOIA requests (217,286 kilobytes of data).

**FTX request (SAC at 23)**

On December 18, 2025, Defendant provided an interim response to Plaintiff. The only documents that Defendant is still processing are records that potentially contain confidential commercial or financial information exempt pursuant to Exemption 4. 5 U.S.C. § 552 (b)(4). Defendant is processing these records pursuant to Defendant's confidential treatment procedures. 17 CFR § 200.83.

### III.  Summary Of When Complete Production To Plaintiff Of Responsive Records Is Expected.

Regarding the Mitts and Optics requests, Defendant aims to complete production of these records by February 23, 2026. Regarding the SEC Database Mishap request, Defendant is awaiting feedback from Plaintiff on whether the records produced to Plaintiff satisfy his request. Regarding the FTX request, Defendant is awaiting completion of the confidential treatment process for certain records.

### IV.  Vaughn Indices

During January 2026, the Parties intend to discuss what objections Plaintiff has to the productions Defendant has made. Those discussions will include whether and to what extent Defendant will provide *Vaughn* indices supporting its withholdings in advance of filing a motion for summary judgment.

### V.  Briefing Of Issues Regarding FOIA Requests

Although the Court stated that briefing should be complete by March 1, 2026, the Parties agree that at this stage it would be more efficient for Defendant to focus on completing the productions to all the requests at issue and for the Parties to seek to identify and resolve any disputes they may have before a briefing schedule is set. Therefore, the Parties respectfully request that the requirement that briefing be completed by March 1, 2026 be withdrawn.

## VI. Next JSR

The Parties propose that they file the next JSR on or before February 23, 2026. Should issues arise earlier that necessitate the Court's intervention, the Parties will file an Interim Status Report before this date.

Date: December 23, 2025

Respectfully submitted,

*/s/Aaron Greenspan*
AARON GREENSPAN
440 N. Barranca Avenue #6720
Covina, CA 91723
(415) 670-9350
aaron.greenspan@plainsite.org

Plaintiff, pro se

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6653
Fithawi.berhane@usdoj.gov

Counsel for the United States of America